### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| | * | **Criminal Case No.: SAG-23-00219** |
| **v.** | * | |
| | * | |
| VALERIE A. JOSEPH AND ROBIN L. JOSEPH | * | |
| | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

### <u>MEMORANDUM OPINION</u>

The United States of America has filed motions to amend the preliminary orders of forfeiture entered against Valerie A. Joseph, ECF 106, and Robin L. Joseph, ECF 108. The government seeks to amend the orders to include "the real property located at 309 Shelly Bay Court, Murrells Inlet, South Carolina 29576" as substitute property under 21 U.S.C. § 853(p) in partial satisfaction of Ms. Joseph's and Mr. Joseph's (collectively, "Defendants'") respective money judgments. ECF 106, 108. Defendants jointly opposed the motions, ECF 112, and the government filed a reply, ECF 115. Defendants then filed a motion for leave to file sur-reply, ECF 116, which will be granted because this Court finds that the government raised new arguments in its reply. This Court then held a hearing on the motions. ECF 117. For the reasons explained below, the motions to amend will be granted in part and denied in part.

### I.    BACKGROUND

Following guilty pleas by both Defendants, this Court entered preliminary orders of forfeiture imposing money judgments of approximately $1.4 million against each Defendant. ECF 64, 100. Along with their motions, the government has filed affidavits of Deputy United States

Marshal David Ashton regarding his investigations into Defendants' assets. ECF 106-1, 108-1. Deputy Marshal Ashton averred that the government has been unable to locate the proceeds of Defendants' crimes of conviction upon the exercise of due diligence because of acts or omissions of Defendants. ECF 106-1 ¶ 4, 108-1 ¶ 4. He further alleged that Defendants each have an interest in "the real property located at 309 Shelly Bay Court, Murrells Inlet, SC 29576." ECF 106-1 ¶ 6, 108-1 ¶ 6. He noted that Defendants both appear on the property's mortgage and lived at the property before reporting to serve their respective prison sentences. ECF 106-1 ¶ 6, 108-1 ¶ 6. He alleged that the property is deeded to "a straw owner," Defendants' son Cody Joseph, who does not live at the property. ECF 106-1 ¶ 6, 108-1 ¶ 6.

Defendants have produced several documents relating to the property. An "agreement of sublease" lists Cody Joseph, Robin L. Joseph, and Valerie A. Joseph as "residents" and Oceanside Village, LLC as the "landlord" of the lot at 309 Shelly Bay Court. ECF 112-1 at 17. The deed for this sublease also lists Cody Joseph and both Defendants. *Id.* at 41. An "agreement for home ownership" lists only Cody Joseph as the "Purchaser" and Gary N. Faulk and Barbara N. Faulk as the "Seller[s]" of "the residential dwelling and improvements" constructed on the subleased lot. *Id.* at 45. The agreement notes that the residential dwelling and improvements are to be taxed separately from the "real property." *Id.* at 46. Only Cody Joseph is listed on the corresponding deed. *Id.* at 51. A title insurance policy lists only Cody Joseph as an "Owner." *Id.* at 58. A promissory note lists only Cody Joseph as a "Borrower." *Id.* at 55. The mortgage instrument, however, lists Cody Joseph, Robin L. Joseph, and Valerie A. Joseph as "Borrower[s]." *Id.* at 72.

Defendants have also filed a declaration of John P. Carroll, Esq., a South Carolina real estate attorney who reviewed the aforementioned documents. *Id.* at 1–13. Mr. Carroll explained that 309 Shelly Bay Court is located in an area of South Carolina where "leasehold interest" resort

communities are common. *Id.* at 3. Under the typical leasehold structure, the owner of the beachfront resort property leases land to an operational landlord who improves and maintains the land. *Id.* The operational landlord also partitions the land for the purpose of subleasing to residential tenants who obtain a leasehold interest in a portion of the land. *Id.* at 3–4. The residential tenant often must pay the operational landlord an amenity fee and transfer fees upon acquiring or disposing of the leasehold interest. *Id.* at 4.

Based on his review of the property documents, Mr. Carroll opined that there exist two separate and distinct interests in the property at 309 Shelly Bay Court: a leasehold interest in the land and an ownership interest in the house located on that land. *Id.* at 8. In Mr. Carroll's opinion, Cody Joseph and both Defendants jointly and severally hold the leasehold interest in the land. *Id.* Mr. Carroll notes that this leasehold interest eventually expires and that, although the landlord may renew the leasehold interest, it need not do so. *Id.* at 8–9. Mr. Carroll stated that he was not qualified to render opinions on the value of the leasehold interest in the land but noted that upon expiration of the leasehold interest, its value "will eventually be reduced to zero." *Id.* at 11. Regarding the house, Mr. Carroll opined that Cody Joseph solely holds title to it. *Id.* at 9. According to Mr. Carroll, the fact that Defendants were identified as borrowers on the mortgage does not indicate that they have any interest in the house given that they have no duty to perform on the promissory note. *Id.* at 9–10. Rather, he explained that the mortgage must so identify them to establish that they consent to the lender's right to foreclose on their leasehold interest in the land, as collateral, in the event of a default. *Id.* at 10.

Finally, Defendants have provided a declaration of Cody Joseph. ECF 112-2. In that declaration, Cody Joseph avers that he purchased the home at 309 Shelly Bay Court and lives in it. *Id.* ¶¶ 3–4.

## II.    LEGAL STANDARD

If, "as a result of any act or omission of the defendant," otherwise forfeitable property "(A) cannot be located upon the exercise of due diligence"; (B) "has been transferred or sold to, or deposited with, a third party"; "(C) has been placed beyond the jurisdiction of the court"; "(D) has been substantially diminished in value"; or "(E) has been commingled with other property which cannot be divided without difficulty," then the government may move for forfeiture of substitute property. § 853(p)(1). Substitute property is forfeitable if it is "any other property of the defendant, up to the value of any property" that could not be obtained for the reasons in subsection (1). § 853(p)(2). The government must prove that property is subject to forfeiture under § 853 by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995).

An existing forfeiture order may be amended at any time to include substitute property that is forfeitable under the applicable statute. Fed. R. Crim. P. 32.2(e)(1)(B). If the court concludes that "the government has met the statutory criteria" and that property is subject to forfeiture as substitute property, then it must enter a preliminary order of forfeiture directing the forfeiture of the substitute property. Fed. R. Crim. P. 32.2(b)(2)(A). The government must then publish notice of the order and send notice to any third party who reasonably appears to be a potential claimant to the property. Fed. R. Crim. P. 32.2(b)(6). If a third party files a petition asserting an interest in the forfeited property, the court then conducts an ancillary proceeding to adjudicate the third party rights and enters a final order of forfeiture following that ancillary proceeding. Fed. R. Crim. P. 32.2(c).

## III.    DISCUSSION

Turning to the facts of this case, this Court must first determine whether the government has established that otherwise forfeitable property cannot be obtained. The uncontested affidavit

4

of the agent investigating the defendant's assets satisfies the government's burden to establish this preliminary requirement of § 853. *United States v. Alamoudi*, 452 F.3d 310, 316 (4th Cir. 2006). Here, the government has submitted the affidavit of Deputy Marshal Ashton, who investigated Defendants' assets and has averred that the government, upon the exercise of due diligence, has been unable to locate proceeds of the crimes of conviction because of acts or omissions of Defendants. Defendants have not contested this evidence. Thus, the government has met its burden of establishing this preliminary requirement.

The government must next show that the property at issue is "property of the defendant." § 853(p)(2). To do so, the government must establish that the defendant has an interest in the property. *See United States v. Poulin*, 690 F. Supp. 2d 415, 431–32 (E.D. Va. 2010), *aff'd*, 461 F. App'x 272 (4th Cir. 2012). Although both the government and Defendants cited the *Poulin* standard, this Court notes that there appears to exist disagreement among courts as to whether the government must establish that the defendant has an interest in the substitute property to obtain a preliminary order of forfeiture. *See United States v. Babichenko*, No. 1:18-cr-00258-BLW, 2024 WL 1460351, at *2–4 (D. Idaho Apr. 4, 2024) (collecting cases). As some courts have noted, the ancillary proceeding provides for adjudication of other interests in the property and thereby ensures that any property ordered forfeited in a subsequent final order of forfeiture is only the defendant's property. *Id.* at *3–4. In this Court's view, however, before entering a preliminary order of forfeiture, it must determine whether "the government has met the statutory criteria," *see* Fed. R. Crim. P. 32.2(b)(2)(A), and the applicable statute states that any forfeitable substitute property must be "property of the defendant," *see* § 853(p)(2). Indeed, if the government did not need to establish that the defendant has some interest in the substitute property before the ancillary proceeding, it could obtain a preliminary order of forfeiture of any property, including property

that has no connection to the defendant. This Court therefore will determine whether Defendants have an interest in the substitute property before entering any preliminary order of forfeiture.

The parties disagree about what that substitute property is. The government argues that this Court should analyze all of the real property at 309 Shelly Bay Court together, whereas Defendants argue that the land and the house on the land should be disentangled for purposes of this analysis. In the civil forfeiture context, the Fourth Circuit has determined that a court should define property based on "the instrument creating an interest in the property." *United States v. Reynolds*, 856 F.2d 675, 676–77 (4th Cir. 1988) (considering whether all property was conveyed in the same instrument); *see also United States v. Bieri*, 21 F.3d 819, 823–24 (8th Cir. 1994) (adopting this standard in the criminal forfeiture context under § 853); *United States v. Smith*, 966 F.2d 1045, 1053–54 (6th Cir. 1992) (same).

Here, different instruments created the interests in the land and the house. The sublease agreement, between Oceanside Village, LLC and both Defendants and Cody Joseph, creates an interest in the land. The agreement for home ownership, between Gary N. Faulk and Barbara N. Faulk and Cody Joseph, creates an interest in the house. Furthermore, the deed for the land leasehold interest and the deed for the house ownership interest were recorded separately, and the land and house are taxed separately. This Court will therefore consider the land and the house as different pieces of substitute property.

The government has failed to establish that Defendants have any interest in the house. The agreement for home ownership lists only Cody Joseph as a purchaser, the promissory note lists only Cody Joseph as a borrower, and the title insurance lists only Cody Joseph as an owner. Based on these instruments, Mr. Carroll opined that only Cody Joseph, and not either of Defendants, has an interest in the house. He further opined that the fact that Defendants were identified as

borrowers on the mortgage does not indicate that they have any interest in the house given that they have no duty to perform on the promissory note. Rather, he explained that the mortgage instrument must so identify them to establish that they consent to the lender's right to foreclose on their leasehold interest in the land, as collateral, in the event of a default. Furthermore, although Deputy Marshal Ashton's affidavit alleges in conclusory fashion that Cody Joseph is a "straw owner" who does not live in the house, Cody Joseph himself has provided a declaration averring that he does live in the house. Thus, the evidence in the record indicates that only Cody Joseph has an interest in the house.

The government has met its burden of establishing that Defendants each have an interest in the land, however. The sublease agreement lists both Defendants, and Mr. Carroll opined that Defendants have an interest in the sublease. Indeed, Defendants do not appear to dispute this interest. Instead, they argue that this interest cannot be subject to forfeiture because it is valueless. But § 853(p) does not contain any requirement that the government make some showing at this or any later stage that the property is not valueless. Moreover, the evidence in the record indicates that the leasehold interest does hold some, albeit potentially quite modest, value. The mortgage identifies the leasehold interest as collateral, and Mr. Carroll opined that upon expiration of the leasehold, its value "will eventually be reduced to zero," suggesting that the value is not currently zero. This Court therefore declines to conclude that the leasehold is not subject to forfeiture on this basis.

Finally, the government must establish that the value of the property is less than that of Defendants' money judgments. There appears to be no dispute that the leasehold interest, which Defendants contend is valueless, is worth far less than their respective money judgments worth approximately $1.4 million.

Accordingly, the government has met its burden for a preliminary order of forfeiture of the leasehold interest in the land but not of the house. This Court will therefore amend each Defendant's preliminary order of forfeiture to include the leasehold interest in the land.

## IV.  CONCLUSION

For the reasons stated above, the motion for leave to file sur-reply, ECF 116, is granted, and the motions to amend, ECF 106, 108, are granted in part and denied in part. Amended preliminary orders of forfeiture for both Defendants follow.

Dated: June 26, 2026                              _____/s/_____
                                                  Stephanie A. Gallagher
                                                  United States District Judge